UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KALEB DAVIS, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-cv-00964 ) |
| GARY PRESLEY AND BIG M TRANSPORTATION, INC., | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Kaleb Davis brought this action against Gary Presley and Big M Transportation, Inc., arising out of a motor vehicle accident in Sumner County. Before this Court is Defendants' Partial Motion to Dismiss (Doc. No. 13). For the following reasons, Defendants' Partial Motion to Dismiss is **GRANTED**.

### I. FACTUAL ALLEGATIONS AND BACKGROUND

On March 9, 2023, Davis was heading down Interstate 65 in Sumner County when a tractor-trailer operated by Gary Presley failed to yield to traffic causing a crash that involved Davis' vehicle. As a result, he suffered injuries. Davis filed suit in Sumner County against Presley, as well as his employer, Big M Transportation, alleging negligence against both Defendants, including that Big M negligently entrusted the tractor-trailer to Presley. Defendants removed the case to this Court on the basis of diversity jurisdiction. In his Answer, Presley admits that he was operating the vehicle as Big M's agent and employee (Doc. No. 12 at ¶¶ 25, 26), and Big M admits the same in its partial motion to dismiss and supporting memorandum (Doc. No. 13, 14). With those admissions, Defendants move to dismiss the Complaint to the extent it alleges any direct

1

negligence claims against Big M pursuant to the preemption rule. Davis did not respond in opposition.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). Plaintiff need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Nevertheless, the allegations "must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

## III. ANALYSIS

Defendants argue that the direct negligence claims against Big M should be dismissed due to the preemption rule. The basic rationale for the preemption rule is that "where vicarious liability [is] admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability [is] necessarily fixed by the negligence of the employee.[1] Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants." Teil v. Rowe, 2022 WL 187824, at * 1 (M.D. Tenn. Jan 20, 2022) (quoting Wilson v. Image Flooring, LLC, 400 S.W.3d 386, 393 (Mo. App.

---

[1] Several jurisdictions have adopted this rule, some providing an exception for plaintiffs seeking punitive damages from employers. See Kelley v. Blue Line Carriers, LLC, 300 Ga. App. 577, 580 (Ga. Ct. App. 2009); Justice v. Greyhound Lines, Inc., No. 5:16-CV-132-FL, 2019 WL 267910, at *2 (E.D.N.C. Jan. 18, 2019) (allowing exception when a claim for punitive damages is presented); Bell v. Redjal, 569 S.W.3d 70, 81 (Mo. App. E.D. 2019) (citations omitted) ("[T]his rule is subject to an exception when the plaintiff brings a claim for punitive damages against the employer.").

2

W.D. 2013)); see also Freeman v. Paddack Heavy Transp., Inc., No. 3:20-CV-00505, 2020 WL 7399026, at *1 (M.D. Tenn. Dec. 16, 2020) ("a plaintiff may not proceed against an employer on direct negligence claims once the employer has admitted vicarious liability for the actions of its agent.").

This is not the first time this Court has been presented with this issue. This Court confronted this issue in Freeman which is a case involving a motor vehicle accident between the driver of a car and an alleged negligent commercial truck driver. Id. at 1. The Court dismissed the direct negligence claims due to the preemption rule because the defendant conceded that it was vicariously liable for any negligence by the driver. Id. The Court addressed this issue again in Teil and reached the same conclusion. Teil, 2022 WL 187824, at *1 (dismissing direct negligence claims involving a motor vehicle accident between the driver of a car and an alleged negligent commercial truck driver when defendant admitted that it was vicariously liable for actions of the driver).

The Court has no reason to reconsider the question it decided in Freeman or Teil especially considering that Davis failed to respond in opposition. Davis seeks compensatory damages for all his losses—not punitive damages, so the potential exception to the preemption rule is not at issue here. Big M has admitted vicarious liability for any negligence attributed to Presley. (Doc. No. 14 at 1). Thus, Davis' direct negligence claims against Big M are barred by the preemption rule and will be dismissed.

IV. **CONCLUSION**

Accordingly, Defendants' Motion for Partial Dismissal (Doc. No. 13) is **GRANTED**. Plaintiff's direct negligence claims against Big M Transportation are **DISMISSED** pursuant to the preemption rule because Big M conceded that it is vicariously liable for any negligence by Presley.

3

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE